UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Case No.: 4:11-CV-00584-RH-WCS

**DIGITAL SIN, INC.,**

        **Plaintiff,**

vs.

**DOES 1 - 145,**

        **Defendants.**
_____/

MOTION TO QUASH NON-PARTY SUBPOENA
MOTION TO SEVER/DISMISS COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW

    Defendant, Doe #1, as allegedly identified in Exhibit A to Plaintiff's Complaint for Copyright Infringement [ECF-1], by and through undersigned counsel, hereby moves to quash non-party subpoena and/or to sever/dismiss Plaintiff's Complaint, and in support thereof states:

INTRODUCTION

    This case is one of 19 cases recently filed in the Northern District by Ohio attorney (residing in Miami Beach) Terik Hashmi against thousands of John Does. See attached Exhibit "A." All of these cases seek expedited discovery from various Internet Service Providers - names of account holders - on the tenuous and likely false theory that an identified IP address is unique to, and synonymous with, an identifiable person. As has been the practice around the country with these types of cases, they are filed on behalf of adult movie copyright holders; the courts have often allowed the expedited discovery; and the identified persons, regardless of guilt or innocence or the

existence of viable defenses, are subject to a "shakedown" by the copyright holder and their attorneys to avoid the stigma of having their names appearing in a federal lawsuit in association with alleged downloading of pornography or the expense of retaining counsel to provide even a minimal defense. As is typical of this type of mass litigation, poor litigation preparation and quite often fraudulently broad allegations cast a large net - ensnaring numerous innocent victims.

I. **JOHN DOE #145 RESIDES IN THE SOUTHERN DISTRICT OF FLORIDA AND THE SUBPOENA IS OVERBROAD**

Plaintiff was not sufficiently diligent and identified John Doe 145 even though John Doe 145's ISP account is not in the Northern District. Attached as Exhibit "B" is a printout from IP locator, www.arin.net, purportedly relied upon by the Plaintiff, documenting that John Doe 145 is or was located in Miami Florida, in the Southern District at the alleged time of the alleged infringement. A diligent search prior to the institution of this action would have revealed this fact. In fact, a random search of IP addresses listed by the Plaintiff for John Doe defendants reveals a significant number of John Does listed in this Complaint do not or did not reside in the Northern District of Florida as alleged. The Court should dismiss all claims against John Doe 145 but, at a minimum, the subpoena, if not quashed in their entirety based on Plaintiff's false or fraudulent allegations, should be restricted to IP addresses of John Does who actually reside in the Northern District of Florida.

II. **DEFENDANTS ARE IMPROPERLY JOINED REQUIRING AN ORDER SEVERING AND/OR DISMISSING**

The Plaintiff contends that the defendants are properly joined because they participated in a "swarm" which downloaded the same protected digital file at the same time as part of one infringement event. This "swarm" is allegedly documented in the Exhibits and the Declaration of Jon Nicolini attached to the Complaint and appears to have occurred between September 1, 2011

2

(John Doe 9) and September 30, 2011 (John Doe 79).[1]

The swarm joinder theory has been considered by various district courts around the country, the majority of which have rejected it. See *On The Cheap*, 2011 WL 4018258, at *1 (gathering cases) (published order). Downloading a work as part of a swarm does not constitute "acting in concert" with one another, particularly when the transactions happen over a long period. *See, e.g., Hard Drive Productions, Inc. v. Does* 1–188, No. C– 11–01566 JCS, 2011 WL 3740473, at *13 (N.D.Cal. Aug.13, 2011) ("In fact, the nearly six-week span covering the activity associated with each of the addresses calls into question whether there was ever common activity linking the 51 addresses in this case."). In all of these cases, the defendants alleged to have participated in "swarm" infringing often have different and divergent defenses to the copyright violation claims and to allow them to be asserted in a single case would defeat, not enhance, judicial economy. *See CP Productions, Inc. v. Does* 1–300, 2011 WL 737761 (N.D.Ill. Feb.24, 2011) ("No predicate has been shown for thus combining 300 separate actions on the cheap - if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.").

In two well reasoned cases in the US District Court for the Southern District of Florida in the last few months, the Honorable Judge K. Michael Moore found improper joinder in substantially similar "bittorrent" infringement cases. *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 1:11-CV-21567-KMM, 2011 WL 5190106 (S.D. Fla. Nov. 1, 2011); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 1:11-CV-21525-KMM, 2011 WL 5190048 (S.D. Fla. Nov. 1, 2011). The

---

[1] Further, the signature on the Declaration filed by Mr. Nicolini is an identical *scanned copy* of the signature on the Declaration in Case No.: 4:11-CV-00584-RH-WCS.

reasoning was as follows:

*A. Joinder*

Numerous courts have found that alleged copyright infringement through the use of P2P networks is insufficient to sustain permissive joinder. *See Hard Drive Prods., Inc. v. Does 1–188,* 2011 WL 3740473, at *7–9 (N.D.Cal. Aug.23, 2011) (analyzing pre-BitTorrent P2P case law). Courts, however, have struggled to uniformly apply this case law to actions involving the use of BitTorrent technology. Consequently, courts have split as to whether joinder under Rule 20 is appropriate in actions alleging copyright infringement against a BitTorrent swarm. *See Hard Drive Prods., Inc. v. Does 1–55,* 2011 WL 4889094, at *5 (N.D.Ill. Oct.12, 2011) (finding joinder appropriate); *Donkeyball Movie, LLC v. Does 10–1520,* 2011 WL 1807452, at *4 (D.D.C. May 12, 2011) (same). But *see Hard Drive Prods., Inc. v. Does 1–30,* 2011 WL 4915551, at *4 (E.D.Va. Oct.17, 2011) (finding joinder inappropriate); *Hard Drive Prods., Inc.,* 2011 WL 3740473, at *7–15 (same).

In *Hard Drive Prods., Inc.,* the court analyzed whether joinder of 188 defendants alleged to be members of the same BitTorrent swarm was appropriate. In support of the court's decision finding misjoinder, the court stated:

Does 1–188 did not participate in the same transaction or occurrence, or the same series of transactions or occurrences. Under the BitTorrent Protocol, it is not necessary that each of the Does 1–188 participated in or contributed to the downloading of each other's copies of the work at issue—or even participated in or contributed to the downloading by any of the Does 1–188. Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe or to any of the potentially thousands who participated in a given swarm. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.

*3 *Id.* at *13. The court cited an exhibit submitted by the plaintiff that detailed the defendants' BitTorrent activity. The activity of the defendants occurred on "different days and times over a two-week period," and according to the court, this supported the court's finding that though the defendants may have participated in the same swarm, there was "no evidence to suggest that each of the [defendants] 'acted in concert' with all of the others." *Id.*

In the instant case, Plaintiff's Amended Complaint identifies five named Defendants and thirteen unnamed Defendants who allegedly used BitTorrent to infringe Plaintiff's copyright in the Motion Picture. Plaintiff provides information regarding BitTorrent usage and activity for eight of the Defendants. A close examination of Defendants' activity reveals that Defendants, subject to one exception, used BitTorrent on different days and at different times over a two-month period. Two Defendants did use BitTorrent at the same time, but due to the decentralized

operation of BitTorrent, this fact alone does not imply that Defendants "participated in or contributed to the downloading of each other's copies of the work at issue." *Id.* Merely participating in a BitTorrent swarm does not equate to participating in the same "transaction, occurrence, or series of transactions or occurrences." Fed.R.Civ.P. 21; *see LaFace Records, LLC v. Does 1–38,* 2008 WL 544992, at *7 (E.D.N.C. Feb.27, 2008) ("[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder."). As a result, this Court concludes that joinder of Defendants in this action does not satisfy Rule 20(a).

*B. Severance*

Federal Rules of Civil Procedure 20(a)(2) provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Moreover, even if joinder is appropriate, a court may, "For convenience, to avoid prejudice, or to expedite and economize," order a separate trial of one or more claims. Fed.R.Civ.P. 42(b).

This Court finds it appropriate to exercise its discretion to sever and dismiss all but Defendant King from the current action. Even if joinder were appropriate, severance is necessary to avoid causing prejudice and unfairness to Defendants, and to expedite and economize the litigation. Plaintiff has already requested on two separate occasions an extension to hold a joint scheduling conference. Such delay is directly attributable to the joinder of Defendants in this action. Moreover, "permitting joinder would force the Court to address the unique defenses that are likely to be advanced by each individual Defendant, creating scores of mini-trials involving different evidence and testimony." *Hard Drive Prods., Inc.,* 2011 WL 3740473, at *14. Finally, permissive joinder of Defendants would likely prejudice Defendants due to the numerous logistical burdens that would arise. *See id.* ("[E]ach defendant must serve each other with all pleadings—a significant burden when, as here, many of the defendants will be appearing pro se and may not be e-filers. Each defendant would have the right to be at each other defendant's deposition—creating a thoroughly unmanageable situation. The courtroom proceedings would be unworkable—with each of the [Defendants] having the opportunity to be present and address the court at each case management conference or other event. Finally, each defendant's defense would, in effect, require a mini-trial.").

Id.

## CONCLUSION

The facts here likewise demonstrate why the swarm joinder pleading tactic is not appropriate in this action. The differing dates and times of each Defendant's alleged sharing do not allow for an inference that the Defendants were acting in concert. While some Defendants may have used the same peer-to-peer system, the Complaint cannot possibly allege they were sharing with each other

5

when they were not allegedly active at even remotely the same times.  For example, John Doe 9, who is alleged to have been infringing in the swarm on September 1, 2011, is unlikely to have been in the swarm at the same time as John Doe 79, who is alleged to have been infringing in the swarm on September 30, 2011.  Similarly, if John Doe 145 was allegedly infringing in a swarm on September 3, 2011, there is no indication and can be no presumption that this was the same swarm that John Doe 137 was allegedly involved with on September 28, 2011.

In the *Liberty Media Holdings* cases, the Court initially allowed the Plaintiff to get the information necessary to shake-down the potential defendants and a few actually did settle before the court dismissed the rest.  It is respectfully requested that the Court can and should short-circuit this type of bad-faith baseless shake-down litigation at this pre-disclosure phase by noting the misjoinder and severing the misjoined parties or restricting the information obtained from the ISP to only likely defendants clearly within the jurisdiction of the Court.

**REINER & REINER, P.A.**
*Counsel for John Doe #145*
9100 So. Dadeland Boulevard, Suite 901
Miami, Florida   33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
e-mail:  *dpr@reinerslaw.com*

By: ___/S/   **DAVID P. REINER, II**___
       **DAVID P. REINER, II**; Fla. Bar No. 416400

*W:\9999-FTP\Bitorrent\145\47601-Motion-to-Dismiss.wpd*

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY that on **January 13, 2012**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.*

**REINER & REINER, P.A.**
*Counsel for John Doe #145*
9100 So. Dadeland Boulevard, Suite 901
Miami, Florida   33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
e-mail:   *dpr@reinerslaw.com*

By: **/S/   DAVID P. REINER, II**
     **DAVID P. REINER, II**; Fla. Bar No. 416400

SERVICE LIST
Case No.: 4:11-CV-00584-RH-WCS

*CM/ECF*

**TERIK HASHMI, ESQ.**
*terik.hashmi.esq@transnationallawgroup.com*
Transnational Law Group, LLC
429 Lenox Avenue, Suite 5C13
Miami Beach, FL 33139
Tel: 888-731-8955; Fax: 305-721-1685


I also certify that on this date a copy of the foregoing was served to the following via Facsimile and U.S. Mail:

**COMCAST LEGAL RESPONSE CENTER**
NE&TO
650 Centerton Road
Moorestown, NJ 08057
(866) 947-5587 (fax)