IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT of FLORIDA

| | | |
|---|---|---|
| Digital Sin, Inc. ) | | |
| *Plaintiff* ) | | |
| v. ) | Civil Action No. | 11-CV-00584 |
| Doe 43 ) | MOTION TO QUASH OR MODIFY | |
| *Defendant* ) | SUBPOENA AND MOTION TO DISMISS | |

## MOTION TO QUASH OR MODIFY SUBPOENA AND MOTION TO DISMISS

I received a letter from my ISP regarding a subpoena, which included a copy of the Order Granting Plaintiff's Application for Leave to Take Discovery.

    From accounts of previous defendants of Terik Hashmi, these subpoena notifications are followed by demand letters. These letters -- which demand around $2900 to avoid dealing with their lawsuit -- and their phone calls, which are persistent, are the reason I am filing this motion, and for this reason, I respectfully request that I be allowed to do so without revealing my personally identifying information.

    The Plaintiff has filed this case with blatant disregard for the rights of the Movant, particularly with the courts lack of personal jurisdiction. As described in the accompanying motions, the plaintiff could have determined within minutes using free internet tools that the Movant's IP address originates from a location outside of the jurisdiction of the Northern District of Florida.

The Plaintiff's clear litigation strategy is to obtain large settlements based on the threat that defendants will be irreparable harmed if their identities are made public. Alternatively, the plaintiff seeks to obtain the defendants' contact information so it can engage in a shake-down campaign. Unless the Movant can proceed anonymously, especially until his motions are resolved, the Court's ruling on the subpoena and jurisdictional issues will essentially be moot. The plaintiff will have succeeded in "gaming the system" by obtaining through court procedure what it may not have been entitled to obtain through issuance of a subpoena or filing of its Complaint.

This Subpoena must be quashed under Rule 45(c)(3)(a)(ii) because it subjects Doe Defendant #43, apparently an identified customer of Comcast, to undue burden, in that his or her name will be revealed to the Plaintiff, resulting in invasion of his or her privacy, and causing Defendant, to defend thyself in court outside of the their own jurisdiction more than 100 miles away.

This subpoena has informed me that the only information Digital Sin, Inc have is my IP address. I have an unprotected router and live in a in a close community. Any of my neighbors/roommates could be responsible for the accusations the defendant is being held accountable for. The subpoena should be quashed unless further evidence is brought to attention. It is obvious that this is just a fishing expedition in order to scam people into settling outside of court for large sums of money. This motion is just to protect my identity to avoid harassment.

---------------------------------

John Doe No. 43

January 14, 2012